1  AK Law, ACPC
   Alan Kang, Esq. (SBN 235080)
2  333 City Blvd. West, 17th Floor
   Orange, CA 92868-5905
3  Telephone: (714) 388-6937
4  Facsimile: (855) 820-1099
   Email:  alan@aklawacpc.com
5
6  Attorneys for Plaintiff
   LINDA CYTRYN

7
8                IN THE UNITED STATES DISTRICT COURT
9                FOR THE CENTRAL DISTRICT OF CALIFORNIA

10  LINDA CYTRYN, *individually and on behalf of those similarly situated*,   |   CLASS ACTION COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF:

         *Plaintiff*,

         vs.

    CRUMBL, LLC dba Crumbl Cookies, *a Utah limited liability company*; and
    DOES 1–10;

         *Defendants*

1. **VIOLATION OF CAL. CIVIL CODE § 1750**
2. **VIOLATION OF CAL. BUSINESS & PROFESSIONS CODE § 17200**
3. **VIOLATION OF CAL. BUSINESS AND PROFESSION CODE § 17500**
4. **UNJUST ENRICHMENT**
5. **BREACH OF IMPLIED WARRANTY**

**DEMAND FOR JURY TRIAL**

    Linda Cytryn ("Plaintiff"), by her undersigned attorney, brings this Class Action Complaint, on behalf of herself and others similarly situated, against Defendant Crumbl, LLC dba Crumbl Cookies ("Defendant"). This action seeking damages and any other available legal or equitable remedies resulting from the unfair, unlawful and/or fraudulent and unconscionable practice of grossly misrepresenting the calorie content of Defendant's "Crumbl Cookies" (the "Products") on



-1-
**CLASS ACTION COMPLAINT**

the packaging and/or in advertising for the Products. Plaintiff makes the following allegations pursuant to the investigation of her counsel and based upon information and belief except as to allegations specifically pertaining to herself and her counsel, which are based on personal knowledge. Unless otherwise stated, Plaintiff alleges that any violations by Defendant were knowing and intentional, and that Defendant did not maintain procedures reasonably adapted to avoid such violation.

## PARTIES

1. Plaintiff Linda Cytryn is a citizen of the state of California residing in Anaheim in Orange County. On or around June 12, 2023, Plaintiff purchased a Peanut Butter Reese's cookie from a Crumbl franchisee in Anaheim, California.

2. Cytryn is a retiree and amateur elder athlete who is an intentional eater. She carefully watches her calorie intake to ensure that she maintains her weight. As such, she reviews the nutritional information disclosures of foods that she eats to determine how such consumption fits within her lifestyle and eating plan.

3. Defendant Crumbl Cookies is a Utah limited liability company with its headquarters and principal place of business in Orem, Utah. It is registered to conduct business in California. On information and belief, decisions regarding labelling and disclosure of nutritional content are made in its Utah headquarters.

4. Plaintiff does not know the true names and capacities of the Defendants sued herein as Does 1 through 10, inclusive, and therefore sues these Defendants by such fictitious names. Plaintiff will seek leave to amend its complaint to allege their true names and capacities when ascertained. Plaintiff is informed and believes, and thereon alleges, that each of the fictitiously named Defendants is responsible as hereinafter shown for the occurrences and injuries alleged in this complaint.

5. Each defendant named herein, including those Defendants named as Does, is and was, at all times relevant hereto, the agent of each of the other Defendants, and at all relevant times was acting in the course and scope of such agency and with the authorization, knowledge, permission, consent and ratification of each of the other Defendants.



6. Plaintiff reserves the right to amend this Complaint to add different or additional defendants, including without limitation any officer, director, employee, supplier, or distributor of Defendants who has knowingly and willfully aided, abetted, or conspired in the false and deceptive conduct alleged herein

## JURISDICTION AND VENUE

7. This Court has subject matter jurisdiction over this action pursuant to the Class Action Fairness Act, Pub. L. 109-2, 119 Stat. 4 (codified in scattered sections of Title 28 of the United States Code); specifically, under 28 U.S.C. § 1332(d), which provides for the original jurisdiction of the federal district courts over "any civil action in which the matter in controversy exceeds the sum or value of $5,000,000, exclusive of interest and costs, and [that] is a class action in which . . . any member of a class of plaintiffs is a citizen of a State different from any defendant." 28 U.S.C. § 1332(d)(2)(A).

8. Plaintiff is a citizen of a state different from the Defendant.

9. The matter in controversy in this case exceeds $5,000,000 in the aggregate, exclusive of interests and costs.

10. In addition, "the number of members of all proposed plaintiff classes in the aggregate" is greater than 100. *See* U.S.C. § 1332(d)(5)(B).

11. In the alternative, this Court has jurisdiction pursuant to 28 U.S.C. ¶ 1332.

12. This Court has personal jurisdiction over Defendant because this action arises out of and relates to Defendant's contacts with this forum.

13. Those contacts include but are not limited to sales of the Products directly to commercial and individual consumers located in this district, including Plaintiff; shipping the Products to commercial and individual consumers in this district, including Plaintiff; knowingly directing advertising and marketing materials concerning the Products into this district through wires and mails, both directly and through electronic and print publications that are directed to commercial and individual consumers in this district; and operating an e-commerce web site that offers the Products for sale to commercial and individual consumers in this district, as well as offering the Products for sale through third-party e-commerce websites, through both of which

commercial and individual consumers residing in this district have purchased the Products.

14. Defendant knowingly directs electronic activity and ships the Products into this district with the intent to engage in business interactions for profit, and it has in fact engaged in such interactions, including the sale of the Products to Plaintiff.

15. Defendant also sells the Products to retailers in this district for the purpose of making the Products available for purchase by individual consumers in this district.

16. Plaintiff's losses and those of other Class members were sustained in this district.

17. Venue is proper pursuant to 28 U.S.C. § 1391(b)(2) because a substantial part of the events or omissions giving rise to Plaintiff's claims occurred within this district.

18. Venue is also proper pursuant to 28 U.S.C. § 1391(c)(2) because this Court maintains personal jurisdiction over defendant.

## FACTUAL BACKGROUND

19. Defendant Crumbl Cookies is a renowned cookie retailer that has gained widespread recognition for its assortment of gourmet cookies, which change daily at its various locations. With numerous locations across the country, it has been gaining popularity across the nation. Defendant has opened more than 750 stores from coast to coast. Defendant has stated that last year it sold, on average, nearly a million cookies a day.

20. Defendant states that a central component of its growth and marketing strategy is its emphasis on low-calorie cookies. Through various marketing channels, Defendant highlights the fact that its cookies can be enjoyed without the guilt typically associated with indulgent treats. It promotes its lower-calorie options as a healthier alternative for those, like Plaintiff, who carefully monitor their calorie intake. By showcasing this aspect of its product line, Defendant appeals to health-conscious consumers seeking delicious treats that nonetheless align with their dietary goals. This focus on low-calorie cookies has helped Defendant establish a unique position in the market, attracting customers who value both taste and nutritional value.

21. Defendant has engaged in false and misleading practices by advertising its cookies as low calorie and providing inaccurate nutritional information. Despite claiming that its cookies are low in calories, it has been discovered that each cookie actually contains a significantly higher



calorie content than Defendant represents and implies to consumers such as Plaintiff.

22. Defendant carries out this deception by representing to consumers such as Plaintiff that the calorie content of its cookies is dependent on serving size, which "varies by product." What Defendant does not reveal—and in fact takes pains to deliberately conceal from consumers such as Plaintiff—is that a single cookie can be as many as four servings. Thus, a cookie that is advertised to consumer as containing 190 calories "per serving" actually contains 760 calories *per cookie*—making it very far from a "low-calorie" food or a healthy eating option.

23. The cookie purchased by Plaintiff was advertised as containing approximately 190 calories per serving. Plaintiff viewed this calorie statement through disclosures made at the point of sale.

24. In fact, many of Defendant's cookies comprise as much as a third or more of an average person's daily recommended caloric intake. Defendant deliberately conceals this fact from consumers such as Plaintiff.

25. This deliberate misrepresentation concerning the product's calorie content has deceived consumers such as Plaintiff and undermined their ability to make informed choices about their calorie intake. By falsely advertising low calories and providing misleading information about calorie content and serving size, the company has violated consumer trust and demonstrated a disregard for ethical marketing practices. Honesty and transparency are crucial in ensuring consumers can make informed decisions about the products they consume, and it is essential that companies uphold these principles to maintain the trust and confidence of their customers.

26. Nutritional disclosures are the chief means by which food product manufacturers convey critical information to consumers, and consumers have been conditioned to rely on the accuracy of the claims made in these disclosures. As the California Supreme Court stated in a case involving alleged violations of the UCL and FAL, "Simply stated: labels matter. The marketing industry is based on the premise that labels matter, that consumers will choose one product over another similar product based on its label." *Kwikset Corp. v. Superior Court*, 51 Cal.4th 310, 328 (2011).

27. As is her habit, Plaintiff reviewed the Defendant's nutritional disclosures prior to



-5-
**CLASS ACTION COMPLAINT**

her purchase. Consumers such as Plaintiff who viewed the Products' calorie disclosure reasonably understood Defendant's statement to mean that these cookies were one serving at most, and as such contained only 190 calories in total. This representation was false.

28. Consumers including Plaintiff reasonably relied on Defendant's statements such that they would not have purchased the Product from Defendant if the truth about the Product was known, or would have only been willing to pay a substantially reduced price had they known that Defendant's representations were false and misleading.

29. In the alternative, because of its deceptive and false labelling statements, Defendant was enabled to charge a premium for the Products relative to key competitors' products, or relative to the average price charged in the marketplace.

30. Consumers including Plaintiff rely, and in fact did rely, on nutritional disclosure claims made by food product manufacturers such as Defendant, as they cannot confirm or disprove those claims simply by viewing or even consuming the Products.

31. Plaintiff suffered economic injury by Defendant's fraudulent and deceptive conduct as stated herein, and there is a causal nexus between Defendant's deceptive conduct and Plaintiff's injury.

## CLASS ACTION ALLEGATIONS

32. Plaintiff brings this action individually and as representative of all those similarly situated pursuant to Federal Rule of Civil Procedure 23 on behalf of all consumers in California who purchased the Products within four years prior to the filing of this Complaint.

33. Excluded from the Class are Defendant and its affiliates, parents, subsidiaries, employees, officers, agents, and directors. Also excluded are any judicial officers presiding over this matter and the members of their immediate families and judicial staff.

34. Plaintiff reserves the right to alter the Class definition, and to amend this Complaint to add Subclasses, as necessary to the full extent permitted by applicable law.

35. Certification of Plaintiff's claims for class-wide treatment is appropriate because Plaintiff can prove the elements of the claims on a class-wide basis using the same evidence as individual Class members would use to prove those elements in individual actions alleging the same



claims.

36. **Numerosity:** The size of the Class is so large that joinder of all Class members is impracticable. Plaintiff believes and avers there are thousands of Class members geographically dispersed throughout California.

37. **Existence and Predominance of Common Questions of Law and Fact**: There are questions of law and fact common to the Class. These questions predominate over any questions that affect only individual Class members. Common legal and factual questions and issues include but are not limited to:

   a. Whether the marketing, advertising, packaging, labeling, and other promotional materials for Defendant's Products is misleading and deceptive;
   b. Whether a reasonable consumer would understand Defendant's calorie claims to indicate that the Products were each a single serving and the cookies were thus low-calorie, and reasonably relied upon those representations;
   c. Whether Defendant was unjustly enriched at the expense of the Plaintiff and Class members;
   d. the proper amount of damages and disgorgement or restitution;
   e. the proper scope of injunctive relief; and
   f. the proper amount of attorneys' fees.

38. Defendant engaged in a common course of conduct in contravention of the laws Plaintiff seeks to enforce individually and on behalf of the Class. Similar or identical violations of law, business practices, and injuries are involved. Individual questions, if any, pale by comparison, in both quality and quantity, to the numerous common questions that predominate this action. The common questions will yield common answers that will substantially advance the resolution of the case.

39. In short, these common questions of fact and law predominate over questions that affect only individual Class members.

40. **Typicality**: Plaintiff's claims are typical of the claims of the Class members because they are based on the same underlying facts, events, and circumstances relating to



Defendant's conduct.

41. Specifically, all Class members, including Plaintiff, were harmed in the same way due to Defendant's uniform misconduct described herein; all Class members suffered similar economic injury due to Defendant's misrepresentations; and Plaintiff seeks the same relief as the Class members.

42. There are no defenses available to Defendant that are unique to the named Plaintiff.

43. These Products are formulated into different flavors. But the Products all make a calorie claim that is deceptive in the same way across all of the Products.

44. The Products are also priced and packaged similarly.

45. Because of these similarities, the resolution of the asserted claims will be identical as between purchased and unpurchased Products.

46. Because both the products and alleged misrepresentations are substantially similar, Plaintiff's claims related to the Products that she purchased are typical of the claims available to all purchasers of the Products. As such, Plaintiff is an adequate class representative for a class of purchasers of all of the Products, regardless whether Plaintiff purchased every flavor of the Products.

47. **Adequacy of Representation**: Plaintiff is a fair and adequate representative of the Class because Plaintiff's interests do not conflict with the Class members' interests. Plaintiff will prosecute this action vigorously and is highly motivated to seek redress against Defendant.

48. Furthermore, Plaintiff has selected competent counsel who are experienced in class action and other complex litigation. Plaintiff and Plaintiff's counsel are committed to prosecuting this action vigorously on behalf of the Class and have the resources to do so.

49. **Superiority**: The class action mechanism is superior to other available means for the fair and efficient adjudication of this controversy for at least the following reasons:

   a) The damages individual Class members suffered are small compared to the burden and expense of individual prosecution of the complex and extensive litigation needed to address Defendant's conduct such that it would be virtually impossible for the Class members individually to redress the wrongs done to them. In fact, they would have little incentive to do so given the amount of damage each member

has suffered when weighed against the costs and burdens of litigation;

b) the class procedure presents fewer management difficulties than individual litigation and provides the benefits of single adjudication, economies of scale, and supervision by a single Court;

c) the prosecution of separate actions by individual Class members would create a risk of inconsistent or varying adjudications, which would establish incompatible standards of conduct for Defendant; and

d) the prosecution of separate actions by individual Class members would create a risk of adjudications with respect to them that would be dispositive of the interests of other Class members or would substantively impair or impede their ability to protect their interests.

50. Unless the Class is certified, Defendant will retain monies received as a result of its unlawful and deceptive conduct alleged herein.

51. Unless a class-wide injunction is issued, Defendant will likely continue to advertise, market, promote, and sell its Products in an unlawful and misleading manner, as described throughout this Complaint, and members of the Class will continue to be misled, harmed, and denied their rights under the law. Plaintiff will be unable to rely on the Products' advertising or nutritional disclosures in the future, and so will not purchase the Products although she would like to.

52. **Ascertainability**. To the extent ascertainability is required, the Class members are readily ascertainable from Defendant's records and/or its agents' records of retail and online sales, as well as through public notice.

53. Defendant has acted on grounds applicable to the Class as a whole, thereby making appropriate final injunctive and declaratory relief concerning the Class as a whole.

## COUNT 1

## VIOLATION OF THE CALIFORNIA CONSUMER LEGAL REMEDIES ACT, CIVIL CODE § 1750 *et seq*.

54. Plaintiff realleges the preceding paragraphs as if fully set forth herein and, to the extent necessary, pleads this cause of action in the alternative.



-9-
**CLASS ACTION COMPLAINT**

55. Plaintiff is a "consumer" within the meaning of the Consumer Legal Remedies Act ("CLRA"), Cal. Civ. Code § 1761(d).

56. The sale of Defendant's Products to Plaintiff and Class members was a "transaction" within the meaning of the CLRA, Cal. Civ. Code § 1761(e).

57. The Products purchased by Plaintiff and Class members are "goods" within the meaning of the CLRA, Cal. Civ. Code § 1761(a).

58. As alleged herein, Defendant's business practices are a violation of the CLRA because Defendant deceptively failed to reveal facts that are material in light of the actual calorie content of its Products.

59. Defendant's ongoing failure to provide material facts about its Products on its labels violates the following subsections of Cal. Civ. Code § 1770(a) in these respects:

   a) Defendant's acts and practices constitute misrepresentations that its Products have characteristics, benefits, or uses which they do not have;

   b) Defendant misrepresented that its Products are of a particular standard, quality, and/or grade, when they are of another;

   c) Defendant's acts and practices constitute the advertisement of goods, without the intent to sell them as advertised;

   d) Defendant's acts and practices fail to represent that transactions involving its Products involve actions that are prohibited by law, particularly the use of misleading nutritional labelling; and

   e) Defendant's acts and practices constitute representations that its Products have been supplied in accordance with previous representations when they were not.

60. By reason of the foregoing, Plaintiff and the Class have been irreparably harmed, entitling them to injunctive relief.

61. Pursuant to Cal. Civ. Code §§ 1770 and 1780, Plaintiff is entitled to enjoin publication of misleading and deceptive nutritional labels on Defendant's Products and to recover reasonable attorneys' fees and costs.

62. Plaintiff intends to amend this Class Action Complaint to add a claim for damages



under the CLRA after the running of the appropriate time. *See* Cal. Civ. Code §§ 1782(d).

## COUNT 2

## VIOLATION OF CALIFORNIA BUSINESS & PROFESSIONS CODE SECTION 17200 *et seq.*

63. Plaintiff hereby incorporates by reference all paragraphs above, as if fully set herein by reference. This claim is pleaded in the alternative in the event that discovery reveals that Plaintiff has an inadequate legal remedy.

64. Plaintiff has standing to pursue this claim as Plaintiff has suffered injury in fact as a result of Defendant's actions as set forth herein.

65. Defendant's actions as alleged in this Complaint constitute "unfair" conduct within the meaning of California Business and Professions Code Section 17200, *et seq*.

66. Defendant's actions as alleged in this Complaint constitute "fraudulent" conduct within the meaning of California Business and Professions Code Section 17200 *et seq*.

67. Defendant's actions as alleged in this Complaint constitute "unlawful" conduct within the meaning of California Business and Professions Code Section 17200 *et seq*.

68. Defendant's conduct amounts to "unfair," "fraudulent," and "unlawful" business practices and conduct within the meaning of the Act, in that its practices prevented customers from accessing the nutritional information mandated by law from which they could make healthy eating decisions, and by misrepresenting the actual calorie content and serving size of the Products. As described herein, Defendant's business practices are unethical, oppressive, and/or offend laws and established public policies.

69. Plaintiff and members of the Class have been and are likely to be deceived by Defendant's representations as to calorie content of Defendant's products. Similarly, members of the public are likely to be deceived by Defendant's representations.

70. Plaintiff and the Class reasonably relied on the truth of Defendant's nutritional disclosures.

71. As a result of this "unfair," "fraudulent," and "unlawful" conduct, Plaintiff expended money and engaged in activities she would not otherwise have spent or conducted.

72. Defendant's wrongful business practices alleged herein constituted, and continue to constitute, a continuing course of unfair competition since it continues to market and sell its products in a manner that offends public policy and/or in a fashion that is immoral, unethical, oppressive, unscrupulous and/or substantially injurious to its customers.

73. Defendant publicly disseminated untrue or misleading representations regarding the calorie content of its Products, which it knew, or in the exercise of reasonable care should have known, were untrue or misleading.

74. Pursuant to Business and Professions Code Section 17203, Plaintiff seeks an order of this Court enjoining Defendant from continuing to engage in "unfair," "fraudulent," or "unlawful" business practices and any other act prohibited by law, including those acts set forth in this Complaint, and further seeks all other relief allowable under Business and Professions Code Section 17200, *et seq*.

## COUNT 3
## VIOLATION OF CALIFORNIA BUSINESS & PROFESSIONS CODE SECTION 17500 *et seq*.

75. Plaintiff hereby incorporates by reference all paragraphs above, as if fully set herein by reference. This claim is pleaded in the alternative in the event that discovery reveals that Plaintiff has an inadequate legal remedy.

76. Plaintiff has standing to pursue this claim as Plaintiff has suffered injury in fact as a result of Defendant's actions as set forth above.

77. Defendant engaged in advertising and marketing to the public and offered for sale advertising services on a nationwide basis, including in California.

78. Defendant engaged in the advertising and marketing alleged herein with the intent to directly or indirectly induce the sale of the Products to consumers.

79. Defendant's advertisements and marketing representations regarding the characteristics of the Products were false, misleading, and deceptive as set forth above.

80. At the time it made and disseminated the statements alleged herein, Defendant knew or should have known that the statements were untrue or misleading, and acted in violation of



Business and Professions Code Section 17500, *et seq*.

81. Plaintiff seeks injunctive relief and all other relief allowable under Business and Professions Code Section 17500, *et seq*.

## COUNT 4

## UNJUST ENRICHMENT

82. Plaintiff realleges the preceding paragraphs as if fully set forth herein and, to the extent necessary, pleads this cause of action in the alternative.

83. Defendant, through its marketing and labeling of the Products, misrepresented and deceived consumers regarding the calorie content of the Products.

84. Defendant did so for the purpose of enriching itself and it in fact enriched itself by doing so.

85. Consumers conferred a benefit on Defendant by purchasing the Products, including an effective premium above their true value. Defendant appreciated, accepted, and retained the benefit to the detriment of consumers.

86. Defendant continues to possess monies paid by consumers to which Defendant is not entitled.

87. Under the circumstances it would be inequitable for Defendant to retain the benefit conferred upon it and Defendant's retention of the benefit violates fundamental principles of justice, equity, and good conscience.

88. Plaintiff seeks disgorgement of Defendant's ill-gotten gains and restitution of Defendant's wrongful profits, revenue, and benefits, to the extent, and in the amount, deemed appropriate by the Court, and such other relief as the Court deems just and proper to remedy Defendant's unjust enrichment.

89. Plaintiff has standing to pursue this claim as Plaintiff has suffered injury in fact as a result of Defendant's actions as set forth above.

## COUNT 5

## BREACH OF IMPLIED WARRANTY

90. Plaintiff realleges the preceding paragraphs as if fully set forth herein and, to the



extent necessary, pleads this cause of action in the alternative.

91. Defendant, as the designer, manufacturer, marketer, distributor, and/or seller, impliedly warranted that the Products contained a certain amount of calories per cookie.

92. Defendant's implied warranties, and its affirmations of fact and promises made to Plaintiff and the Class and regarding the Products, became part of the basis of the bargain between Defendant and Plaintiff and the Class, which creates an implied warranty that the Products would conform to those affirmations of fact, representations, promises, and descriptions.

93. The Products do not conform to the implied warranty that the Products contain only a certain amount of calories per cookie.

94. As a direct and proximate cause of Defendant's breach of implied warranty, Plaintiff and Class members have been injured and harmed because: (a) they would not have purchased the Products on the same terms if they knew the truth about the Products' calorie content; (b) they paid a price premium based on Defendant's implied warranties; and (c) the Products do not have the characteristics, uses, or benefits that were promised.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff respectfully request the Court grant the following relief against Defendant:

a) Certifying the Class;

b) Declaring that Defendant violated the CLRA, UCL, and FAL;

c) Awarding actual and other damages as permitted by law, and/or ordering an accounting by Defendant for any and all profits derived by Defendant from the unlawful, unfair, and/or fraudulent conduct and/or business practices alleged herein;

d) Ordering an awarding of injunctive relief as permitted by law or equity, including enjoining Defendant from continuing the unlawful practices as set forth herein, and ordering Defendant to engage in a corrective advertising campaign;

e) Ordering Defendant to pay attorneys' fees and litigation costs to Plaintiff;

f) Ordering Defendant to pay both pre- and post-judgment interest on any amounts



awarded; and

g) Such other relief as the Court may deem just and proper.

TRIAL BY JURY IS DEMANDED ON ANY COUNTS SO TRIABLE.

Dated: July 6, 2022                             Respectfully Submitted,
                                                **AK Law, A.C.P.C**

                                                By: _____
                                                Alan Kang ESQ.
                                                Attorneys for Plaintiff
                                                LINDA CYTRYN

