ERIK K. SWANHOLT, CA Bar No. 198042
  eswanholt@foley.com
JESSICA N. WALKER, CA Bar No. 275398
  jwalker@foley.com
**FOLEY & LARDNER LLP**
555 SOUTH FLOWER STREET, SUITE 3300
LOS ANGELES, CA 90071-2418
TELEPHONE:  213.972.4500
FACSIMILE:    213.486.0065

JORDAN C. BLEDSOE (*pro hac vice forthcoming*)
  jordan.bledsoe@foley.com
**FOLEY & LARDNER LLP**
95 S STATE STREET, SUITE 2500
SALT LAKE CITY, UT 84111
TELEPHONE:  801.401.8900
FACSIMILE:    385.799.7576

Attorneys for Defendant
CRUMBL LLC

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| LINDA CYTRYN, individually and on behalf of those similarly situated,<br><br>        Plaintiffs,<br><br>        vs.<br><br>CRUMBL, LLC dba Crumbl Cookies, a Utah limited liability company; and DOES 1–10;<br><br>        Defendants. | Case No. 8:23-cv-01218 CJC (KESx)<br><br>**DEFENDANT CRUMBL LLC'S NOTICE OF MOTION AND MOTION TO DISMISS COMPLAINT; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF**<br><br>(*Filed concurrently with Declarations in Support Thereof, Request for Judicial Notice, and [Proposed] Orders*)<br><br>Date:    October 16, 2023<br>Time:    1:30 p.m.<br>Place:   Courtroom 9 B<br>        411 West Fourth Street<br>        Santa Ana, CA 92701-4516<br>Judge:  Hon. Cormac J. Carney<br><br>Complaint Filed: July 7, 2023 |

4882-0279-4110.3

**TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:**

**PLEASE TAKE NOTICE** that on October 16, 2023, at 1:30 p.m., or as soon thereafter as this matter may be heard in Courtroom 9 B of the above-captioned Court, located at the Ronald Regan Federal Building and United States Courthouse, 411 West Fourth Street, Santa Ana, California 92701-4516, Defendant Crumbl LLC hereby moves this Court for an order dismissing the Complaint filed by Plaintiff Linda Cytryn ("Plaintiff") with prejudice pursuant to Federal Rules of Civil Procedure 12(b)(1), 12(b)(2), and 12(b)(6) on the following grounds:

1.      The Court does not have personal jurisdiction over Crumbl LLC because it lacks contacts with California. Crumbl LLC is a Utah limited liability company with its principal place of business in Utah. Its only business is operating a Crumbl cookie store in Orem, Utah.

2.      Plaintiff lacks Article III standing to obtain equitable relief because she fails to allege a risk of future harm, and she lacks standing to pursue claims regarding products she never purchased.

3.      Plaintiff may not obtain equitable relief because she has an adequate remedy at law.

4.      Plaintiff fails to allege her fraud-based claims under California's Consumer Legal Remedies Act ("CLRA"), Unfair Competition Law ("UCL"), and False Advertising Law ("FAL") with particularity as required by Federal Rule of Civil Procedure 9(b).

5.      Plaintiff's CLRA, UCL, and FAL claims fail because a reasonable consumer would not be misled by the calorie content disclosures for Crumbl's cookies.

6.      Plaintiff's unjust enrichment claim fails because there is no stand-alone cause of action for unjust enrichment under California law.

7.      Plaintiff fails to state a claim for beach of implied warranty because she does not allege Crumbl cookies are unfit for their ordinary use.

Crumbl LLC's Motion is based on this Notice of Motion and Motion, the accompanying Memorandum of Points and Authorities, the Request for Judicial Notice,

1 | the Declarations and Proposed Orders and accompanying materials, the pleadings and
2 | records on file in this action, and such additional authority and argument as may be
3 | presented at the hearing on this Motion. This Motion is made following a conference of
4 | counsel pursuant to L.R. 7-3, which took place via telephone on August 10 and 23, 2023.

DATED:  September 11, 2023          **FOLEY & LARDNER LLP**
Erik K. Swanholt
Jessica N. Walker
Jordan C. Bledsoe


*/s/ Erik K. Swanholt*
Erik K. Swanholt
Attorneys for Defendant
CRUMBL LLC

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

# TABLE OF CONTENTS

**INTRODUCTION**...................................................................................9

**BACKGROUND**..................................................................................11

   I.     PLAINTIFF'S ALLEGATIONS.................................................11

   II.    THE PEANUT BUTTER REESE'S® COOKIE AND CRUMBL'S NUTRITIONAL DISCLOSURES.........................................12

   III.   CRUMBL LLC LACKS MINIMUM CONTACTS WITH CALIFORNIA.......................................................................16

**ARGUMENT**.......................................................................................17

   I.     THE COURT LACKS PERSONAL JURISDICTION OVER CRUMBL LLC.......................................................................17

       A.   PLAINTIFF CANNOT ESTABLISH GENERAL JURISDICTION OVER CRUMBL LLC.................................................................18

       B.   PLAINTIFF CANNOT ESTABLISH SPECIFIC JURISDICTION OVER CRUMBL LLC.................................................................19

   II.    PLAINTIFF LACKS STANDING TO OBTAIN EQUITABLE RELIEF OR PURSUE CLAIMS RELATING TO UNPURCHASED PRODUCTS.............................................................................20

       A.   PLAINTIFF LACKS STANDING TO OBTAIN EQUITABLE RELIEF BECAUSE SHE FAILS TO ALLEGE A RISK OF FUTURE HARM...............................................................................20

       B.   PLAINTIFF LACKS STANDING UNDER ARTICLE III AND CALIFORNIA STATUTES TO PURSUE CLAIMS RELATING TO PRODUCTS SHE NEVER PURCHASED ...............................21

   III.   PLAINTIFF IS NOT ENTITLED TO EQUITABLE RELIEF BECAUSE SHE HAS AN ADEQUATE REMEDY AT LAW...............23

   IV.   PLAINTIFF FAILS TO ALLEGE HER CLRA, UCL, OR FAL CLAIMS WITH PARTICULARITY UNDER RULE 9(B).....................24

   V.    PLAINTIFF FAILS TO SHOW A REASONABLE CONSUMER WOULD BE MISLED BY CRUMBL COOKIES' NUTRITIONAL INFORMATION ...................................................................25

   VI.   PLAINTIFF'S UNJUST ENRICHMENT CLAIM IS NOT COGNIZABLE .......................................................................31

   VII.  PLAINTIFF'S BREACH OF IMPLIED WARRANTY CLAIM FAILS .........................................................................32

**CONCLUSION**....................................................................................33

# TABLE OF AUTHORITIES

## FEDERAL CASES

*AirWair Int'l Ltd. v. Schultz*
   73 F. Supp. 3d 1225 (N.D. Cal. 2014) .................................................................. 17, 19

*Becerra v. Dr Pepper/Seven Up, Inc.*
   945 F.3d 1225 (9th Cir. 2019) ...................................................................................... 24

*Birdsong v. Apple, Inc.*
   590 F.3d 955 (9th Cir. 2009) ....................................................................... 21, 22, 32

*Boris v. Wal-Mart Stores, Inc.*
   35 F. Supp. 3d 1163 (C.D. Cal. 2014) ........................................................................ 25

*Boruta v. JPMorgan Chase Bank, N.A.*
   No. 19-CV-07257-WHO, 2020 WL 887784 (N.D. Cal. Feb. 24, 2020) ...................... 31

*Brand v. KSF Acquisition Corp.*
   No. 22-CV-392-LAB-JLB, 2023 WL 3225409 (S.D. Cal. Mar. 17, 2023) ................ 25

*Bronson v. Johnson & Johnson, Inc.*
   No. C 12-04184 CRB, 2013 WL 1629191 (N.D. Cal. Apr. 16, 2013) ........................ 14

*Bubble Genius LLC v. Smith*
   No. CV 15-0066 PA (FFMx), 2015 WL 4399483 (C.D. Cal. July 17, 2015) ............. 19

*Casey v. Odwalla, Inc.*
   338 F. Supp. 3d 284 (S.D.N.Y. 2018) ......................................................................... 21

*Chuang v. Dr. Pepper Snapple Grp., Inc.*
   No. CV 17-01875-MWF (MRWx), 2017 WL 4286577 (C.D. Cal. Sept. 20, 2017) .... 25

*Clapper v. Amnesty Int'l USA*
   568 U.S. 398 (2013) ............................................................................................. 20, 21

*Cleveland v. Campbell Soup Co.*
   No. 21-cv-06002-JD, 2022 WL 17835514 (N.D. Cal. Dec. 21, 2022) ...................... 31

*Contreras v. Johnson & Johnson Consumer Companies, Inc.*
   No. CV 12-7099-GW SHX, 2012 WL 12096581 (C.D. Cal. Nov. 29, 2012) ....... 22, 23

*Data Disc, Inc. v. Sys. Tech. Assocs., Inc.*
   557 F.2d 1280 (9th Cir. 1977) ..................................................................................... 19

*Davidson v. Kimberly-Clark Corp.*
   889 F.3d 956 (9th Cir. 2018) ....................................................................................... 20

*Dinan v. Sandisk LLC*
   No. 18-CV-05420-BLF, 2019 WL 2327923 (N.D. Cal. May 31, 2019) ..................... 28

*Dist. Council No. 16 of Int'l Union of Painters & Allied Trades v. B&B Glass, Inc.*
   510 F.3d 851 (9th Cir. 2007) ....................................................................................... 17

*Doe v. Unocal Corp.*
   248 F.3d 915 (9th Cir. 2001) ....................................................................................... 18

*Ebner v. Fresh Inc.*
838 F.3d 958 (9th Cir. 2016) .................................................................................26, 28

*Fernandez v. Atkins Nutritionals, Inc.*
No. 317CV01628GPCWVG, 2018 WL 280028 (S.D. Cal. Jan. 3, 2018) ...................21

*Gonzales v. CarMax Auto Superstores, LLC*
845 F.3d 916 (9th Cir. 2017) ....................................................................................20

*Goodyear Dunlop Tires Operations, S.A. v. Brown*
564 U.S. 915 (2011)..................................................................................................18

*Gudgel v. Clorox Co.*
514 F. Supp. 3d 1177 (N.D. Cal. 2021).....................................................................28

*Hairston v. S. Beach Beverage Co.*
No. CV 12-1429-JFW (DTBx), WL 1893818 (C.D. Cal. May 18, 2012) .................22

*Ham v. Hain Celestial Grp., Inc.*
70 F. Supp. 3d 1188 (N.D. Cal. 2014) ......................................................................31

*Imageline, Inc. v. Hendricks*
No. CV 09-1870 DSF AGRX, WL 10286181 (C.D. Cal. Aug. 12, 2009)................17

*In re Apple Inc. Device Performance Litig.*
386 F. Supp. 3d 1155 (N.D. Cal. 2019) .....................................................................14

*In re Ferrero Litig.*
794 F. Supp. 2d 1107 (S.D. Cal. 2011) ......................................................................22

*In re Johnson & Johnson Talcum Powder Prod. Mktg., Sales Pracs. & Liab. Litig.*
903 F.3d 278 (3d Cir. 2018).......................................................................................21

*Int'l Shoe Co. v. State of Wash., Off. of Unemployment Comp. & Placement*
326 U.S. 310 (1945)..................................................................................................17

*Kaing v. Pultegroup, Inc.*
464 F. App'x 630 (9th Cir. 2011) ..............................................................................22

*Kearns v. Ford Motor Co.*
567 F.3d 1120 (9th Cir. 2009) ...................................................................................24

*Khoja v. Orexigen Therapeutics, Inc.*
899 F.3d 988 (9th Cir. 2018) .....................................................................................12

*Larsen v. Trader Joe's Co.*
No. C 11-05188 SI, 2012 WL 5458396 (N.D. Cal. June 14, 2012) ..........................22

*Laster v. T-Mobile USA, Inc.*
407 F. Supp. 2d 1181 (S.D. Cal. 2005) ......................................................................22

*Lee v. City of Los Angeles*
250 F.3d 668 (9th Cir. 2001) .....................................................................................12

*Locklin v. StriVectin Operating Co.*
No. 21-CV-07967-VC, 2022 WL 867248 (N.D. Cal. Mar. 23, 2022) .......................25

*Low v. LinkedIn Corp.*
    900 F. Supp. 2d 1010 (N.D. Cal. 2012) ........................................................31

*Lujan v. Defs. of Wildlife*
    504 U.S. 555 (1992) .........................................................................................20

*McGinity v. Proctor & Gamble Co.*
    69 F.4th 1093 (9th Cir. 2023) ...............................................................25, 26, 28

*Moore v. Trader Joe's Co.*
    4 F.4th 874 (9th Cir. 2021) ..........................................................................26, 28

*Oddei v. Optum, Inc.*
    No. 2:21-cv-03974-SB-MRW, 2021 WL 6103347 (C.D. Cal. Oct. 15, 2021) ............31

*Ranza v. Nike, Inc.*
    793 F.3d 1059 (9th Cir. 2015) .......................................................................18

*Schwarzenegger v. Fred Martin Motor Co.*
    374 F.3d 797 (9th Cir. 2004) ..............................................................17, 18, 19

*Sinatro v. Mrs. Gooch's Nat. Food Mkts., Inc.*
    No. 22-CV-03603-TLT, 2023 WL 2324291 (N.D. Cal. Feb. 16, 2023) .....................28

*Skelton v. Gen. Motors Corp.*
    500 F. Supp. 1181 (N.D. Ill. 1980) ..............................................................32

*Sonner v. Premier Nutrition Corp.*
    971 F.3d 834, 844 (9th Cir. 2020) ................................................................23

*Stearns v. Select Comfort Retail Corp.*
    No. 08-2746 JF, 2009 WL 1635931 (N.D. Cal. June 5, 2009) ...........................32

*Tae Hee Lee v. Toyota Motor Sales, U.S.A., Inc.*
    992 F. Supp. 2d 962 (C.D. Cal. 2014) ..........................................................32

*United States v. Ritchie*
    342 F.3d 903 (9th Cir. 2003) .......................................................................14

*Vess v. Ciba-Geigy Corp. USA*
    317 F.3d 1097 (9th Cir. 2003) .....................................................................24

*Viggiano v. Hansen Nat. Corp.*
    944 F. Supp. 2d 877 (C.D. Cal. 2013) ....................................................32, 33

*Walker v. USAA Cas. Ins. Co.*
    474 F. Supp. 2d 1168 (E.D. Cal. 2007) .......................................................31

*Whiteside v. Kimberly-Clark Corp.*
    No. EDCV 22-1988 JGB (SPx), 2023 WL 4328175 (C.D. Cal. June 1, 2023) ............28

*Williams v. Gerber Prods. Co.*
    552 F.3d 934 (9th Cir. 2008) .......................................................................25

## STATE CASES

*Aleksick v. 7-Eleven, Inc.*
  205 Cal. App. 4th 1176 (2012) ...................................................................31

*Am. Suzuki Motor Corp. v. Superior Ct.*
  37 Cal. App. 4th 1291 (1995) ....................................................................32

*Dinosaur Dev., Inc. v. White*
  216 Cal. App. 3d 1310 (1989) ...................................................................31

*McKell v. Washington Mut., Inc.*
  142 Cal. App. 4th 1457 (2006) ..................................................................31

*Melchior v. New Line Prods., Inc.*
  106 Cal. App. 4th 779 (2003) ....................................................................31

*Mocek v. Alfa Leisure, Inc.*
  114 Cal. App. 4th 402 (2003) ....................................................................32

*Pisano v. Am. Leasing*
  146 Cal. App. 3d 194 (1983) .....................................................................32

## CALIFORNIA STATUTES

Cal. Bus. & Prof. Code § 17200 ...................................................................25

Cal. Bus. & Prof. Code § 17500 ...................................................................25

Cal. Civ. Proc. Code. § 410.10 ....................................................................17

Cal. Civ. Code. § 1770 ................................................................................25

Cal. Com. Code. § 2314(2)(c).......................................................................30

## OTHER AUTHORITIES

Federal Rule of Civil Procedure 9(b)................................................2, 11, 24, 25

Federal Rule of Civil Procedure 12(b)(1) ..........................................................2

Federal Rule of Civil Procedure 12(b)(2) ..............................................2, 17, 20

Federal Rule of Civil Procedure 12(b)(6) ..............................................2, 12, 33

Federal Rule of Evidence 201 .......................................................................12

## **INTRODUCTION**

This case is about how Crumbl advertises the calorie content of its cookies and whether a reasonable consumer would conclude that Crumbl's giant Peanut Butter Reese's® cookie, measuring 4 ½ inches wide and covered in peanut butter and Reese's® Peanut Butter Cup chunks, is "low-calorie" and contains only 190 calories, particularly where Crumbl's menu and marketing materials disclose the cookie's actual calorie count. Plaintiff's allegations and publicly available information establish that no reasonable consumer would ever reach that conclusion.

Crumbl is the fastest-growing cookie company in the United States. Since opening its doors five years ago, Crumbl has expanded to over 800 bakeries in 50 states. Its mission is "bringing friends and family together over a box of the best cookies in the world."[1] Crumbl's gourmet cookies are oversized, measuring approximately 4 ½ inches wide, and are meant for sharing. Indeed, Crumbl's founders have explained, "our cookies are meant to be cut into fours or into eighths and you bring your friends together and you're taste testing those new flavors that are out that week."[2] The cookies are packaged in signature pink boxes containing one, four, six, or twelve cookies. Other than the milk chocolate chip cookie, which is always on the menu, the cookie flavors change weekly. The cookies range from traditional snickerdoodle or sugar cookie flavors to flavors incorporating well-known brands like Oreo® or Reese's®.

Crumbl's bakeries display full-sized baked versions of that week's cookies on a platter next to an ordering tablet. They also display a custom pink cookie cutter for purchase, showing the cookies are meant to be divided into four servings. Additionally, the bakeries display the cookie menu on a large screen that shows each cookie's calories per serving, with an asterisk directing viewers to the bottom left of the menu that explains there are four servings per cookie. Beyond those notices, Crumbl operates an app and website

---

[1] https://crumblcookies.com/history.
[2] https://www.mashed.com/629485/crumbl-cookies-founders-dish-on-the-chains-viral-success-exclusive-interview.

4882-0279-4110.3

through which customers may order cookies for in-store pickup or delivery. The app and website display both the calories per serving and per cookie.

Plaintiff Linda Cytryn ("Plaintiff") is a self-proclaimed "intentional eater" who "carefully watches her calorie intake" and "reviews the nutritional information disclosures of foods she eats." Compl. ¶ 2. She claims that she purchased a Peanut Butter Reese's® cookie from a Crumbl store in Anaheim, California. She alleges she believed the cookie was "a healthy eating option" and "low-calorie." She alleges that, although she reviewed the cookie's nutritional disclosures, she was misled into believing the cookie had only 190 calories because Crumbl's advertising shows the calories per serving rather than per cookie. Based on those allegations, she seeks to represent a putative class of California purchasers and brings claims for violations of California's Consumer Legal Remedies Act ("CLRA"), Unfair Competition Law ("UCL"), False Advertising Law ("FAL"), unjust enrichment, and breach of implied warranty.

Aside from being substantively implausible, Plaintiff's Complaint contains numerous defects. First, the Court does not have personal jurisdiction over Crumbl LLC. Crumbl LLC is a Utah limited liability company with its principal place of business in Orem, Utah. Its only business operations are owning and operating a Crumbl cookie store in Orem, Utah. It does not have employees in California, does not advertise or make sales in California, does not operate the Crumbl website or app, and does not create or control marketing or advertising for Crumbl.

Even if Plaintiff had named the correct entity, her claims would fail. Plaintiff's CLRA, UCL, FAL, and unjust enrichment claims seek exclusively equitable relief and seek relief relating to products Plaintiff never purchased. Plaintiff lacks standing to obtain equitable relief because she cannot allege a risk that she will be misled by Crumbl's advertising in the future, and she may not assert claims relating to products she never purchased. She also cannot obtain equitable relief because she alleges an adequate remedy at law.

1       Next, Plaintiff fails to allege her CLRA, UCL, and FAL claims, which sound in

2   fraud, with particularity under Federal Rule of Civil Procedure 9(b). Those claims are also

3   defective because Plaintiff fails to allege facts showing Crumbl's calorie content

4   advertising would mislead reasonable consumers into believing a massive 4 ½ inch wide

5   Crumbl cookie represents a low-calorie food option or contains only 190 calories.

6       Finally, Plaintiff's unjust enrichment claim is not cognizable under California law,

7   and Plaintiff's implied warranty claim fails to allege facts showing Crumbl cookies are

8   unfit for their ordinary use. Thus, Plaintiff's claims all fail. The Complaint should be

9   dismissed in whole.

## BACKGROUND

## I.    PLAINTIFF'S ALLEGATIONS

    Plaintiff alleges she is an "amateur elder athlete who is an intentional eater," who "carefully watches her calorie intake to ensure she maintains her weight," and who "reviews the nutritional information disclosures of foods that she eats to determine how such consumption fits within her lifestyle and eating plan." Compl. ¶ 2. She alleges that, on June 12, 2023, she purchased a Peanut Butter Reese's® cookie from a Crumbl store in Anaheim, California. *Id.* ¶ 1. Without providing specifics, she claims the cookie "was advertised as containing approximately 190 calories per serving," that she "viewed this calorie statement through disclosures made at the point of sale," and that, "as is her habit, [she] reviewed the Defendant's nutritional disclosures prior to her purchase." *Id.* ¶¶ 23, 27. She further claims that Crumbl markets its cookies as "low-calorie." *Id.* ¶ 20. Plaintiff alleges that she "would not have purchased the Product" or "would have only been willing to pay a substantially reduced price" had she known the cookie's calorie content. *Id.* ¶ 28.

    Plaintiff seeks to represent a class of "all consumers in California who purchased the Products" within the last four years. *Id.* ¶ 32. She defines the "Products" as all "Crumbl Cookies," encompassing the full "assortment of gourmet cookies, which change daily at its various locations." *Id.* at 1 & ¶ 19.

## II. THE PEANUT BUTTER REESE'S® COOKIE AND CRUMBL'S NUTRITIONAL DISCLOSURES

Although Plaintiff alleges, she was misled by Crumbl's calorie content advertising, information of which the Court may take judicial notice[3] shows reasonable consumers would not be misled by that advertising. For example, the following image displays the actual size of Crumbl's Peanut Butter Reese's® cookie that Plaintiff purchased and supposedly believed was low-calorie:



Declaration of Erik K. Swanholt ("Swanholt Decl."), Ex. A; Request for Judicial Notice ("RJN") at 2-4; *see also* https://www.youtube.com/watch?v=3tjgDC43lNo. The image

---

[3] There are multiple exceptions to the general rule that the Court's review on a motion to dismiss under 12(b)(6) is limited to the allegations in the pleadings. *Lee v. City of Los Angeles*, 250 F.3d 668, 688 (9th Cir. 2001). First, the court may consider certain evidence "as though they are part of the complaint itself" if a claim necessarily depends on the evidence. *Khoja v. Orexigen Therapeutics, Inc.*, 899 F.3d 988, 1002 (9th Cir. 2018) (ruling it was proper to consider photos and captions referenced in complaint to show "a reasonable person would not view the caption at issue as defamatory"). Second, under Federal Rule of Evidence 201, courts may consider matters of public record, so long as they are not subject to reasonable dispute. *Lee*, 250 F.3d at 689.

discredits any belief that it is low-calorie or a healthy option. Likewise, Crumbl's description of the cookie does not indicate, and has never indicated, that it is in any way low-calorie: "A classic peanut butter cookie swirled with melty peanut butter and sprinkled with chopped REESE'S Peanut Butter Cups." Swanholt Decl., Ex. B; RJN at 2-4; *see also* https://twitter.com/CrumblCookies/status/1449888959740334080. Further, as shown on Crumbl's website and in bakeries, Crumbl's cookies are oversized at approximately 4 ½ inches wide:



**Regular**

approx. size: 4.5"

Swanholt Decl., Ex. C; RJN at 2-4; *see also* https://crumblcookies.com/catering. Crumbl's bakeries display full-sized baked versions of that week's cookies on a platter, along with Crumbl's cookie cutter, next to an ordering tablet:



Declaration of Jason McGowan ("McGowan Decl."), Ex. F, RJN at 3-4.



Swanholt Decl., Ex. E; RJN at 2-4.

The in-store menu listing all available flavors, and displayed on a large screen, identifies the per-serving calories for each cookie with an asterisk directing customers to statements on the menu that "serving size varies by product" and "4 servings per cookie." McGowan Decl., Ex. G; Compl. ¶ 22.[4]

---

[4] Because Plaintiff alleges, she viewed the statement that the Peanut Butter Reese's® Cookie contained 190 calories per serving, this menu is appropriately incorporated into Plaintiff's Complaint. A document may be incorporated "if the plaintiff refers extensively to the document or the document forms the basis of the plaintiff's claim." *United States v. Ritchie*, 342 F.3d 903, 908 (9th Cir. 2003) (incorporating news article from which the complaint quoted); *In re Apple Inc. Device Performance Litig.*, 386 F. Supp. 3d 1155, 1165 (N.D. Cal. 2019) (incorporating Apple's warranty documents into complaint alleging consumer protection claims); *Bronson v. Johnson & Johnson, Inc.*, No. C 12-04184 CRB, 2013 WL 1629191, at *1 (N.D. Cal. Apr. 16, 2013) (label incorporated by reference).

An image of Crumbl's in-store menu with the relevant portions outlined in red is below:




## MENU

| | |
|---|---|
| Single | $3.98 |
| 4-Pack Box | $12.98 |
| 6-Pack Box | $19.98 |
| Party Box (12) | $33.98 |
| Cream Single | $3.99 |
| Cream Carrier (4) | $12.99 |

## EXTRAS

| | |
|---|---|
| Milk | $2.39 |
| Crumbl Water | $2.39 |
| Gift Wrap | $1.00 |

*2,000 calories a day is used for general nutrition advice, calorie needs may vary. *Calorie counts are per serving, 4 servings per cookie.*

## FLAVORS OF THE WEEK



**Milk Chocolate Chip**
180 cal.*

**French Silk Pie**
(Chilled)
170 cal.*

**Snickerdoodle Cupcake**
200 cal.*





**Cookie Butter Lava**
ft. Biscoff®
200 cal.*

**Chocolate Peanut Butter Puffs**
(Chilled)
210 cal.*

**Confetti**
160 cal.*



**Food Allergy Warning:**
Our cookies are made onsite and may come into contact with different allergens during production. Please be advised that any of our products may contain allergens including peanuts, tree nuts, milk, eggs, wheat, soy, and sesame. Scan the QR code for allergy and nutritional information, or visit **crumbl.com/nutrition**

*Id.* A closer view of the calorie disclosure at the bottom left hand of the menu is as follows:

*2,000 calories a day is used for general nutrition advice, calorie needs may vary. *Calorie counts are per serving, 4 servings per cookie.*

*Id.* Additionally, the nutritional disclosures on Crumbl's app and website (viewable by clicking on a tab entitled "Allergy & Nutritional Info" on the ordering screen) provide detailed calorie and nutrition information.

For example, below is an image of the nutritional disclosures for the Peanut Butter Reese's® cookie:



McGowan Decl., Ex. H; RJN at 3-4.

Not only has Crumbl never proclaimed to sell a "healthy" or "low-calorie" cookie, but any reasonable consumer viewing the cookie size and decoration *or* the calorie disclosures on the menu, app, or website, would understand immediately that this cookie is decidedly not "low-calorie."

## III.    CRUMBL LLC LACKS MINIMUM CONTACTS WITH CALIFORNIA

Crumbl LLC is a Utah limited liability company with its principal place of business in Orem, Utah. McGowan Decl. ¶ 2. Crumbl LLC's sole business is owning and operating a Crumbl store in Orem, Utah. *Id.* ¶ 3. Crumbl LLC does not have members or employees in California, does not own property in California, has no offices in California, is not licensed to do business in California, does not have a registered agent in California, and

does not advertise or make sales in California. *Id.* ¶ 4. Moreover, Crumbl LLC does not operate the Crumbl website or app, does not create or control marketing or advertising for the Crumbl brand or franchises, does not create or control nutritional information for the Crumbl brand or franchises, and does not ship products to California. *Id.* ¶ 5.  Plaintiff did not purchase her cookie from Crumbl LLC.

## ARGUMENT

## I. THE COURT LACKS PERSONAL JURISDICTION OVER CRUMBL LLC

"Federal Rule of Civil Procedure 12(b)(2) permits a court to dismiss a matter for lack of personal jurisdiction." *Imagineline, Inc. v. Hendricks*, No. CV 09-1870 DSF AGRX, 2009 WL 10286181, at *1 (C.D. Cal. Aug. 12, 2009). "California's long arm statute, which determines personal jurisdiction, is coextensive with federal due process requirements, and therefore the analysis for personal jurisdiction is the same under both state and federal law." *AirWair Int'l Ltd. v. Schultz*, 73 F. Supp. 3d 1225, 1232 (N.D. Cal. 2014), *citing* Cal. Civ. Proc. Code § 410.10. "For a court to exercise personal jurisdiction over a nonresident defendant, that defendant must have at least 'minimum contacts' with the relevant forum such that the exercise of jurisdiction 'does not offend traditional notions of fair play and substantial justice.'" *Schwarzenegger v. Fred Martin Motor Co.*, 374 F.3d 797, 801 (9th Cir. 2004) (quoting *Int'l Shoe Co. v. State of Wash., Off. of Unemployment Comp. & Placement*, 326 U.S. 310, 316 (1945)). "This 'minimum contacts' requirement can be satisfied either by establishing general jurisdiction or specific jurisdiction." *AirWair Int'l Ltd.*, 73 F. Supp. 3d at 1232.

"Where, as here, the existence of personal jurisdiction is challenged and the defendant appears specially to contest its presence in the jurisdiction, the plaintiff has the burden to come forward with some evidence to establish jurisdiction." *Dist. Council No. 16 of Int'l Union of Painters & Allied Trades v. B&B Glass, Inc.*, 510 F.3d 851, 855 (9th Cir. 2007); *see also Schwarzenegger*, 374 F.3d at 800. "The court may consider evidence presented in affidavits to assist in its determination," and a court "may not assume the truth

1  of allegations in a pleading which are contradicted by affidavit." *See Doe v. Unocal Corp.*,

2  248 F.3d 915, 922 (9th Cir. 2001); *Schwarzenegger*, 374 F.3d at 800.

3        Here, Plaintiff alleges Crumbl LLC is subject to the Court's personal jurisdiction

4  because Crumbl LLC allegedly sells products in this district directly and through retailers,

5  ships products to this district, advertises to consumers in this district, and operates a website

6  through which it offers products to consumers in this district. Compl. ¶¶ 12–15. Plaintiff is

7  wrong on all counts.

8      **A.**    **Plaintiff Cannot Establish General Jurisdiction over Crumbl LLC**

9        "A court may assert general jurisdiction over foreign (sister-state or foreign-country)

10  corporations to hear any and all claims against them when their affiliations with the State

11  are so 'continuous and systematic' as to render them essentially at home in the forum

12  State." *Goodyear Dunlop Tires Operations, S.A. v. Brown*, 564 U.S. 915, 919 (2011). The

13  United States Supreme Court has recently made clear that the exercise of general

14  jurisdiction in most instances should be limited to the corporation's place of incorporation

15  and the principal place of business. *Goodyear Dunlop Tires*, 564 U.S. at 927-30. The same

16  analysis applies to a limited liability company, such as Crumbl LLC. *See Ranza v. Nike,*

17  *Inc.*, 793 F.3d 1059, 1069 (9th Cir. 2015) (finding no general jurisdiction in Oregon, which

18  was "neither [the defendant's] place of incorporation nor its principal place of business,"

19  as the defendant was "a limited liability company registered in the Netherlands whose

20  principal business activity is marketing athletic footwear, apparel, and equipment outside

21  the United States.").

22        The Court lacks general jurisdiction over Crumbl LLC because it is a Utah limited

23  liability company with its principal place of business in Orem, Utah. McGowan Decl. ¶ 2.

24  Further, Crumbl LLC does not have members or employees in California, does not own

25  property in California, has no offices in California, is not licensed to do business in

26  California, and does not advertise or make sales in California. *Id.* ¶ 4. And Crumbl LLC

27  does not operate the Crumbl website or app, does not control Crumbl's marketing or

28

advertising, and does not ship products to California. *Id.* ¶¶ 2, 5. Simply put, there is no basis for a California court to exercise general jurisdiction over Crumbl LLC.

## B.   Plaintiff Cannot Establish Specific Jurisdiction over Crumbl LLC

"Specific personal jurisdiction may be exercised when the 'nature and quality' of the defendant's contacts with the forum state are significant in relation to the specific cause of action." *Bubble Genius LLC v. Smith*, No. CV 15-0066 PA (FFMx), 2015 WL 4399483, at *2 (C.D. Cal. July 17, 2015) (quoting *Data Disc, Inc. v. Sys. Tech. Assocs., Inc.*, 557 F.2d 1280, 1287 (9th Cir. 1977)). The Ninth Circuit has a three-prong test to determine whether there is specific jurisdiction over a non-resident defendant:

> (1) The non-resident defendant must purposefully direct his activities or consummate some transaction with the forum or resident thereof; or perform some act by which he purposefully avails himself of the privilege of conducting activities in the forum, thereby invoking the benefits and protections of its laws;
> (2) The claim must be one which arises out of or relates to the defendant's forum-related activities; and
> (3) The exercise of jurisdiction must comport with fair play and substantial justice, i.e. it must be reasonable.

*Schwarzenegger*, 374 F.3d at 802. "The plaintiff bears the burden of satisfying the first two prongs of the test." *Id.* at 802. "If the plaintiff fails to establish either of these prongs, personal jurisdiction is not established in the forum state." *Id.*

Plaintiff cannot establish either of the first two prongs. ***First***, Crumbl LLC has not purposefully directed activities in California or consummated a transaction with a California resident. To establish purposeful direction, a plaintiff must show that (1) the defendant committed an intentional act, (2) the act was expressly aimed at the forum state, and (3) the defendant knew the brunt of the harm was likely to be suffered in the forum state. *AirWair Int'l Ltd.*, 73 F. Supp. 3d at 1233. As explained above, Crumbl LLC's only business is operating a Crumbl store in Orem, Utah. McGown Decl. ¶ 3. Plaintiff does not (and cannot) show that Crumbl LLC committed any intentional act in California that was aimed at California or caused any harm in California. *See id.* ¶¶ 3–5.

***Second***, Plaintiff's claims do not arise out of or relate to Crumbl LLC's forum-related activities. Plaintiff's claims arise from her purchase of a "Peanut Butter Reese's

cookie from a Crumbl franchisee in Anaheim, California." Compl. ¶ 1. Crumbl LLC does not operate the store at that location (or any other store in California), does not control the marketing or advertising used at that location, and does not have any legal relationship with or connection to the Anaheim location. Decl. ¶¶ 2–5. As such, Plaintiff's claims do not arise out of any activities in California by Crumbl LLC. *See generally* Compl.

In sum, the Court lacks general or specific jurisdiction over Crumbl LLC. Plaintiff's Complaint should thus be dismissed pursuant to Federal Rule of Civil Procedure 12(b)(2).

## II. PLAINTIFF LACKS STANDING TO OBTAIN EQUITABLE RELIEF OR PURSUE CLAIMS RELATING TO UNPURCHASED PRODUCTS

Plaintiff's claims for violations of the CLRA (Count 1), UCL (Count 2), and FAL (Count 3), and her claim for unjust enrichment (Count 4), are barred because Plaintiff lacks standing. Those claims seek exclusively injunctive or other equitable relief, but Plaintiff cannot obtain that relief because she fails to allege a risk of future harm. *See* Compl. at 1 & ¶¶ 32, 37, 58, 59, 61 64–69, 74, 77–80.[5] Those claims also seek relief based not only on Plaintiff's purchase of the Peanut Butter Reese's® cookie but also cookies Plaintiff never purchased. She does not have standing to seek relief for unpurchased products.

### A. Plaintiff Lacks Standing to Obtain Equitable Relief Because She Fails to Allege a Risk of Future Harm

To have Article III standing, a plaintiff must allege she suffered an injury in fact that is traceable to the challenged action of the defendant and that "will be redressed by a favorable decision." *Lujan v. Defs. of Wildlife*, 504 U.S. 555, 560 (1992). "A plaintiff must demonstrate constitutional standing separately for each form of relief requested." *Davidson v. Kimberly-Clark Corp.*, 889 F.3d 956, 967 (9th Cir. 2018). To have standing to obtain injunctive relief, "the 'threatened injury must be *certainly impending* to constitute injury in fact' and 'allegations of *possible* future injury are not sufficient.'" *Id.* (quoting *Clapper*

---

[5] Plaintiff's CLRA claim seeks only equitable relief because Plaintiff failed to comply with the CLRA's notice requirements and, indeed, has still not sent a CLRA "cure" letter to Defendant. *See Gonzales v. CarMax Auto Superstores, LLC*, 845 F.3d 916, 918 (9th Cir. 2017) (recognizing that a plaintiff may seek only injunctive relief under the CLRA where she fails to comply with the CLRA's pre-suit notice requirements).

*v. Amnesty Int'l USA*, 568 U.S. 398, 409 (2013)); *In re Johnson & Johnson Talcum Powder Prod. Mktg., Sales Pracs. & Liab. Litig.*, 903 F.3d 278, 292 (3d Cir. 2018) ("In order to have standing to seek injunctive relief, [Plaintiff] must establish that she is 'likely to suffer future injury' from the defendant's conduct.") (citation omitted).

Courts regularly dismiss deceptive marketing claims seeking injunctive relief where the plaintiff cannot establish that she is likely to be harmed again in the future by the defendant's marketing. *See, e.g.*, *Casey v. Odwalla, Inc.*, 338 F. Supp. 3d 284, 299 (S.D.N.Y. 2018) (denying Article III standing for injunctive relief in deceptive labeling case) (collecting cases). For example, in *Fernandez v. Atkins Nutritionals, Inc.*, plaintiff claimed Atkins's products had misleading labels regarding carbohydrate content. No. 317CV01628GPCWVG, 2018 WL 280028, at *1–*2 (S.D. Cal. Jan. 3, 2018). The Court ruled that, based on the allegations in the complaint, the plaintiff "knows how Atkins goes about calculating its net carbs claims, and she will not be misled next time she goes to Wal-Mart or Target and looks at Atkins's labels." *Id.* at *15. The Court held the plaintiff "lacks standing to pursue injunctive relief" because she "now has knowledge that enables her to make an appropriate choice with respect to Atkins's products." *Id.*

Like in *Fernandez*, Plaintiff lacks standing to pursue injunctive or other equitable relief because she now knows how Crumbl advertises its cookies' calorie contents. *Id.* Plaintiff acknowledges in her Complaint that the calorie count for a Crumbl cookie is advertised per serving and that there are four servings per cookie. *See* Compl. ¶¶ 21, 22. If Plaintiff purchases another cookie from Crumbl, she is on notice regarding the applicable calorie count, and she cannot allege she will be misled by the advertising. She cannot therefore show an impending threatened injury and lacks standing to obtain equitable relief.

## B.   Plaintiff Lacks Standing Under Article III and California Statutes to Pursue Claims Relating to Products She Never Purchased

In addition to satisfying Article III's standing requirements, California's UCL, FAL, and CLRA statutes require an injury in fact and actual reliance. *See Birdsong v. Apple, Inc.*, 590 F.3d 955, 959–60 (9th Cir. 2009) ("To have standing under California's UCL . . .

plaintiffs must establish that they (1) suffered an injury in fact and (2) lost money or property as a result of the unfair competition."); *Kaing v. Pultegroup, Inc.*, 464 F. App'x 630, 632 (9th Cir. 2011) (claims under the UCL and CLRA require actual reliance and injury); *In re Ferrero Litig.*, 794 F. Supp. 2d 1107, 1112 (S.D. Cal. 2011) (finding no standing to bring FAL claim where plaintiff did not actually rely on advertisements before making purchase).

It is well established that a plaintiff does not have standing to assert injuries based on products she did not purchase. *See, e.g., Larsen v. Trader Joe's Co.*, No. C 11-05188 SI, 2012 WL 5458396, at *5 (N.D. Cal. June 14, 2012) (granting motion to dismiss because "plaintiffs do not have standing to bring this claim because they did not purchase the Crescent Rolls and therefore, as a matter of law, could not have suffered a particularized injury"); *Hairston v. S. Beach Beverage Co.*, No. CV 12-1429-JFW (DTBx), 2012 WL 1893818, at *5 (C.D. Cal. May 18, 2012) (recognizing plaintiff did not have standing under Article III or UCL and CLRA for products he did not purchase); *Laster v. T-Mobile USA, Inc.*, 407 F. Supp. 2d 1181, 1194 (S.D. Cal. 2005) (dismissing UCL and FAL claims for lack of standing where "none of the named Plaintiffs allege that they saw, read, or in any way relied on the advertisements; nor do they allege that they entered into the transaction as a result of those advertisements").

In her Complaint, Plaintiff alleges she purchased a Peanut Butter Reese's® cookie from Crumbl and relied on Crumbl's advertising regarding the calorie count for that cookie. Compl. ¶¶ 1, 23, 27–31. But she does not allege that she purchased any other Crumbl cookie or relied on the calorie count advertising for any other cookie. *See generally id.* Yet, she claims that has been injured by Crumbl's advertisements of *all* its cookies, which she alleges "change daily at [Crumbl's] various locations." *Id.* at 1 & ¶¶ 19, 32, 37, 58, 59, 64–69, 77–80. She does not have standing to seek relief based on cookies she never purchased. Thus, her claims fail to the extent they seek relief based on any Crumbl product other than the Peanut Butter Reese's® cookie. *See Contreras v. Johnson & Johnson Consumer Companies, Inc.*, No. CV 12-7099-GW SHX, 2012 WL 12096581, at *2 (C.D. Cal. Nov.

29, 2012) ("Having admittedly not purchased three of the four sunscreens at issue in this case, Plaintiff cannot have suffered any injury in fact with respect to those products, and therefore lacks Article III standing in that regard.").

## III.   PLAINTIFF IS NOT ENTITLED TO EQUITABLE RELIEF BECAUSE SHE HAS AN ADEQUATE REMEDY AT LAW

Plaintiff also is not entitled to injunctive or other equitable relief because she has an adequate remedy at law. Federal common law bars any claim for equitable relief if there exists an adequate legal remedy. *Sonner v. Premier Nutrition Corp.*, 971 F.3d 834, 844 (9th Cir. 2020). "[P]recluding courts from awarding equitable relief when an adequate legal remedy exists implicates the well-established federal policy of safeguarding the constitutional rights to trial by a jury in federal court." *Sonner*, 971 F.3d at 842. A plaintiff "must establish that she lacks an adequate remedy at law before securing equitable restitution for past harm under the UCL and CLRA." *Id.* at 844 (ruling district court did not err in dismissing UCL and CLRA claims because "the operative complaint does not allege that [plaintiff] lacks an adequate legal remedy").

Plaintiff's claims for violations of the CLRA, UCL, and FAL, and her claim for unjust enrichment, seek *only* injunctive or other equitable relief. *See* Compl. ¶¶ 61, 74, 81, 88. But nowhere in her Complaint does Plaintiff allege an inadequate remedy at law or facts that would support such an assertion. *See generally id.* Instead, Plaintiff's prayer for relief seeks monetary damages, including compensatory, statutory, and punitive damages. *Id.* at 14. Further, Plaintiff alleges she suffered "economic injury" as a result of Crumbl LLC's "fraudulent and deceptive conduct." *Id.* ¶ 31. Those alleged damages are the amount she paid, or the substantially reduced price she would have been willing to pay, for the Peanut Butter Reese's® cookie had she known its calorie count. *Id.* ¶ 28. In short, Plaintiff cannot claim an inadequate remedy at law. Plaintiff's CLRA (Count 1), UCL (Count 2), FAL (Count 3), and unjust enrichment (Count 4) claims should thus be dismissed.

## IV. PLAINTIFF FAILS TO ALLEGE HER CLRA, UCL, OR FAL CLAIMS WITH PARTICULARITY UNDER RULE 9(b)

Plaintiff's CLRA, UCL, and FAL claims allege that Crumbl LLC engaged in "fraudulent and deceptive conduct" in advertising and marketing the calorie count of Crumbl cookies. Compl. ¶¶ 31, 58, 66, 68, 79. Because those causes of action sound in fraud, they are subject to Rule 9(b)'s heightened pleading standard. Fed. R. Civ. P. 9(b); *Boris v. Wal-Mart Stores, Inc.*, 35 F. Supp. 3d 1163, 1174 (C.D. Cal. 2014) ("Rule 9(b) applies to claims under California's consumer protection statutes when such claims are 'grounded in fraud' or 'sound in fraud.'") (internal citation omitted). A fraud claim must allege "the who, what, when, where, and how" of the alleged fraudulent conduct. *Becerra v. Dr Pepper/Seven Up, Inc.*, 945 F.3d 1225, 1228 (9th Cir. 2019) (internal quotation marks omitted) (quoting *Vess v. Ciba-Geigy Corp. USA*, 317 F.3d 1097, 1106 (9th Cir. 2003)).

Here, Plaintiff fails to allege facts supporting her CLRA, UCL, or FAL claims with particularity. Plaintiff alleges that the Peanut Butter Reese's® cookie she purchased at the Crumbl location in Anaheim, California, "was advertised as containing approximately 190 calories per serving" and that Plaintiff "viewed this calorie statement through disclosures made at the point of sale." Compl. ¶¶ 1, 23. Plaintiff also alleges that, "[a]s is her habit, Plaintiff reviewed [the] nutritional disclosures prior to her purchase." *Id.* ¶ 27. She does not allege, however, details regarding what nutritional disclosures she reviewed before her purchase, where those disclosures were located, how those disclosures were misleading, or how she relied on those disclosures to her detriment. *See generally id.* Nor does she allege details regarding where at the "point of sale" she saw the calorie statement on which she allegedly relied. *See generally id.* Her allegations regarding Crumbl LLC's alleged fraudulent advertisements lack sufficient detail to enable Crumbl LLC to defend itself. *See Kearns v. Ford Motor Co.*, 567 F.3d 1120, 1124 (9th Cir. 2009) ("Rule 9(b) demands that the circumstances constituting the alleged fraud 'be specific enough to give defendants notice of the particular misconduct . . . so that they can defend against the charge and not just deny that they have done anything wrong.'") (citation omitted).

Next, Plaintiff curiously alleges that Crumbl LLC has misrepresented to consumers, like Plaintiff, that Crumbl cookies are "low-calorie" and "a healthier alternative for those, like Plaintiff, who carefully monitor their calorie intake." Compl. ¶ 20. This is curious because Crumbl decidedly does not market these enormous gourmet cookies as low-calorie, nor would it. Still, Plaintiff fails to allege when Crumbl LLC made those purported representations, how they were made, when they were made, how Plaintiff relied on those representations, or how that reliance led to Plaintiff's alleged harm. *See generally id.*; *see Brand v. KSF Acquisition Corp.*, No. 22-CV-392-LAB-JLB, 2023 WL 3225409, at *6 (S.D. Cal. Mar. 17, 2023) (finding allegations failed to meet Rule 9(b)'s heightened pleading standard where complaint failed to "identify which particular advertisements [the plaintiff] relied on to form her belief that all SlimFast products are low-calorie" or "allege she actually relied on the unidentified advertisements."). Thus, Plaintiff's CLRA, UCL, and FAL claims fail to satisfy Rule 9(b)'s requirements and should be dismissed.

## V. PLAINTIFF FAILS TO SHOW A REASONABLE CONSUMER WOULD BE MISLED BY CRUMBL COOKIES' NUTRITIONAL INFORMATION

The CLRA prohibits "unfair or deceptive acts or practices." Cal. Civ. Code § 1770. Similarly, the UCL prohibits "untrue or misleading" statements, Cal. Bus. & Prof. Code § 17200, and the FAL prohibits "untrue or misleading" advertisements, *id.* § 17500. "Although the statutes differ slightly, the basic inquiry is the same: Would the defendant's marketing likely mislead a reasonable consumer?" *Locklin v. StriVectin Operating Co.*, No. 21-CV-07967-VC, 2022 WL 867248, at *2 (N.D. Cal. Mar. 23, 2022) (quoting *Williams v. Gerber Prod. Co.*, 552 F.3d 934, 939 (9th Cir. 2008)). "[T]o state a viable claim under any of those statutes, Plaintiffs must allege facts showing that the advertisement in question is misleading to a reasonable consumer." *Chuang v. Dr. Pepper Snapple Grp., Inc.*, No. CV 17-01875-MWF (MRWx), 2017 WL 4286577, at *3 (C.D. Cal. Sept. 20, 2017) (citing *Williams*, 552 F.3d at 938).

As the Ninth Circuit recently explained in *McGinity v. Proctor & Gamble Co.*, "[t]he touchstone under the 'reasonable consumer' test is whether the product labeling and ads

promoting the products have a meaningful capacity to deceive consumers." 69 F.4th1093, 1097 (9th Cir. 2023). "This is not a negligible burden." *Moore v. Trader Joe's Co.*, 4 F.4th 874, 882 (9th Cir. 2021). Plaintiff must demonstrate "a probability that a significant portion of the general consuming public or of target consumers, acting reasonably in the circumstances, could be misled." *Id.* (internal quotation marks omitted) (quoting *Ebner v. Fresh, Inc.*, 838 F.3d 958, 965 (9th Cir. 2016)). "[A] plaintiff's unreasonable assumptions about a product's label will not suffice." *Id.*

Plaintiff fails to allege facts establishing that representations relating to the calorie content of Crumbl's cookies are likely to mislead a significant portion of the consuming public. To begin, customers ordering cookies to pick up at a particular Crumbl location may do so through Crumbl's website (https://crumblcookies.com/) or the Crumbl app (https://apps.apple.com/us/app/crumbl-cookies/id1438166219). Alternatively, a customer may purchase a cookie in-store. Customers ordering through the app or website for in-store pickup are able to view a cookie's nutritional informational by clicking on a tab entitled "Allergy & Nutritional Info" on the ordering screen. The nutritional information that would be shown for the Peanut Butter Reese's® cookie is as follows:



McGowan Decl., Ex. H; RJN at 3-4.[6]

---

[6] The detailed Nutrition Facts are also available to consumers purchasing in-store by

4882-0279-4110.3

1   Moreover, an individual ordering at a Crumbl location is able to view a menu shown
2   on a large screen displaying each cookie for purchase. Displayed underneath each cookie
3   on the menu is a per serving calorie count. Those calorie counts have an asterisk directing
4   consumers to the bottom left of the menu where it shows that the calories are per serving
5   and there are four servings per cookie:



19   McGowan Decl., Ex. G. A closer view of the calorie disclosure at the bottom left hand of
20   the menu is as follows:

22   *2,000 calories a day is used for general nutrition advice, calorie needs*
23   *may vary. *Calorie counts are per serving, 4 servings per cookie.*

24   *Id.*

25   Thus, a reasonable consumer desiring to know how many calories were in each
26   cookie could simply read the menu to determine a cookie's total calorie count. And
27   reasonable "health-conscious consumers" like Plaintiff are expected to read information

28   _____

clicking on the "Allergy & Nutritional Info" tab on the ordering tablet.

they can plainly see. *See* Compl. ¶ 20; *see Sinatro v. Mrs. Gooch's Nat. Food Mkts., Inc.,* No. 22-CV-03603-TLT, 2023 WL 2324291, at *10 (N.D. Cal. Feb. 16, 2023) ("[A] 'rational consumer' would not 'simply assume' something about a product that they can 'plainly see.'") (quoting *Ebner*, 838 F.3d at 966); *Whiteside v. Kimberly-Clark Corp.*, No. EDCV 22-1988 JGB (SPx), 2023 WL 4328175, at *4 (C.D. Cal. June 1, 2023) ("Reviewing the packaging as a whole, the Court finds that a reasonable consumer would not 'simply assume' the Asterisked Products contain 100% natural ingredients when she can 'plainly see' that the wipes are 70% plant-based by weight and made of natural and synthetic ingredients"); *see also Gudgel v. Clorox Co.*, 514 F. Supp. 3d 1177, 1186 (N.D. Cal. 2021) (dismissing claim that cleaning product was misleading because it did not contain a disclaimer that the product was not capable of sanitizing where there were "no words or images on the product's label that would lead a reasonable consumer to believe that the product was capable of sanitizing or disinfecting").

Even if the menu did not contain any calorie count for the cookies—and it does— no reasonable "health-conscious" consumer who "carefully watches her calorie intake" would believe that a huge gourmet cookie like those sold by Crumbl would be "low-calorie" or contain only 190 calories. *Id.* ¶¶ 2, 20. In determining whether an advertisement is misleading to a reasonable consumer, the Court considers "all the information available to consumers and the context in which that information is provided and used." *Moore*, 4 F.4th at 882; *Dinan v. Sandisk LLC*, No. 18-CV-05420-BLF, 2019 WL 2327923, at *6 (N.D. Cal. May 31, 2019) ("[T]he Ninth Circuit has made clear that context and consumers' 'common sense' matter to the inquiry as well"). That is, the "reasonable consumer standard requires more than a mere possibility that the label 'might conceivably be misunderstood by some few consumers viewing it in an unreasonable manner.'" *McGinity*, 69 F.4th at 1097 (quoting *Ebner*, 838 F.3d at 965). The sheer size, toppings, and descriptions of Crumbl cookies discredit any belief that they are "low-calorie" or a healthy option. Crumbl's bakeries display full-sized baked versions of that week's cookies on a platter next to an ordering tablet, along with Crumbl's cookie cutter that divides the cookies into four

equal parts. As such, customers, like Plaintiff, who order in store are able to view the oversized cookies and cookie cutter at the point of sale:



McGowan Decl., Ex. F.



Swanholt Decl., Ex. E. Plaintiff would have been able to see at the point of sale the large size and toppings of the Peanut Butter Reese's® cookie she allegedly purchased:

4882-0279-4110.3



Swanholt Decl., Ex. A; *see also* https://crumblcookies.com/catering.[7] Further, Crumbl describes its Peanut Butter Reese's® cookie as "[a] classic peanut butter cookie swirled with a melty peanut butter topping and sprinkled with chopped Reese's® Peanut Butter Cups." Swanholt Decl., Ex. B; *see also* https://twitter.com/CrumblCookies/status/1449888959740334080. Thus, a reasonable consumer would not believe it contained only 190 calories or was "low-calorie." Indeed, a single package containing two Reese's® Peanut Butter Cups has 210 calories. Swanholt Decl., Ex. D; *see also* https://www.hersheyland.com/products/reeses-milk-chocolate-peanut-butter-cups-1-5-oz.html; *Cleveland v. Campbell Soup Co.*, No. 21-cv-06002-JD, 2022 WL 17835514, at *1 (N.D. Cal. Dec. 21, 2022) ("Nuts, butter, olive oil, avocados,

---

[7] A video Crumbl posted on January 8, 2023 shows the Peanut Butter Reese's® cookie being covered with peanut butter and then topped with Reese's Peanut Butter Cups: Swanholt Decl., Ex. A; *see also* https://www.youtube.com/watch?v=3tjgDC43lNo. The video illustrates the cookie's massive width and thickness. *Id.*

and many cheeses immediately come to mind as foods widely understood to be low in sugar but relatively high in calories.").

After all, the calorie count of Crumbl cookies are plainly displayed on the Crumbl website, on the Crumbl app, and in stores. Any reasonable "health-conscious" consumer who "carefully watches her calorie intake" would not expect an oversized 4 ½ inch wide cookie covered in peanut butter and Reese's® Peanut Butter Cups to be 190 calories. Because the Complaint fails to demonstrate that "members of the public are likely to be deceived" about the calories contained in a Crumbl cookie, the CLRA (Count 1), UCL (Count 2), and FAL (Count 3) claims fail and must be dismissed.[8]

## VI.   PLAINTIFF'S UNJUST ENRICHMENT CLAIM IS NOT COGNIZABLE

Plaintiff's fourth cause of action (Count 4) is styled as a claim for "unjust enrichment." Compl. ¶¶ 82–88. California courts hold, however, that "[t]here is ***no cause of*** action in California for unjust enrichment." *Walker v. USAA Cas. Ins. Co.*, 474 F. Supp. 2d 1168, 1174 (E.D. Cal. 2007) (emphasis in original) (internal quotation omitted) (quoting *Melchior v. New Line Prods., Inc.*, 106 Cal. App. 4th 779, 794 (2003); *McKell v. Washington Mut., Inc.*, 142 Cal. App. 4th 1457, 1490 (2006); *Ham v. Hain Celestial Grp., Inc.*, 70 F. Supp. 3d 1188, 1191 (N.D. Cal. 2014) ("[U]njust enrichment claim is dismissed because unjust enrichment is not an independent cause of action."); *Low v. LinkedIn Corp.*, 900 F. Supp. 2d 1010, 1031 (N.D. Cal. 2012) (dismissing cause of action for unjust enrichment because "California does not recognize a stand-alone cause of action for unjust enrichment"). Instead, unjust enrichment is a "general principle, underlying various legal doctrines and remedies," rather than a remedy itself. *Dinosaur Dev., Inc. v. White*, 216 Cal. App. 3d 1310, 1315 (1989). Because California law does not recognize Plaintiff's claim

---

[8] The UCL claim in Count 2 additionally fails because it is derivative of Plaintiff's unsuccessful CLRA and FAL claims. *Aleksick v. 7-Eleven, Inc.*, 205 Cal. App. 4th 1176, 1185 (2012) ("When a statutory claim fails, a derivative UCL claim also fails"); *Oddei v. Optum, Inc.*, No. 2:21-cv-03974-SB-MRW, 2021 WL 6103347, at *5 (C.D. Cal. Oct. 15, 2021) (dismissing UCL claim as derivative of failed CLRA and FAL claims); *Boruta v. JPMorgan Chase Bank, N.A.*, No. 19-CV-07257-WHO, 2020 WL 887784, at *11 (N.D. Cal. Feb. 24, 2020).

1  for unjust enrichment, there are no facts Plaintiff could allege to support this claim.

2  Plaintiff's claim should be dismissed.

3  **VII.   PLAINTIFF'S BREACH OF IMPLIED WARRANTY CLAIM FAILS**

4          Plaintiff's claim for breach of implied warranty (Count 5) fails because Plaintiff does

5  not allege that Crumbl's cookies are unfit for ordinary use. "The California Commercial

6  Code implies a warranty of merchantability that goods '[a]re fit for ordinary purposes for

7  which such goods are used.'" *Birdsong v. Apple, Inc.*, 590 F.3d 955, 958 (9th Cir. 2009)

8  (alteration in original) (quoting Cal. Com. Code. § 2314(2)(c)). Arising by operation of law

9  rather than contract, the implied warranty of merchantability "does not 'impose a general

10  requirement that goods precisely fulfill the expectation of the buyer. Instead, it provides

11  for a minimum level of quality." *Am. Suzuki Motor Corp. v. Superior Ct.*, 37 Cal. App. 4th

12  1291, 1296 (1995), *modified on denial of reh'g* (Sept. 21, 1995) (quoting *Skelton v. Gen.*

13  *Motors Corp.*, 500 F. Supp. 1181, 1191 (N.D. Ill. 1980)).

14          "A defendant's liability for an implied warranty does not depend upon any specific

15  conduct or promise on its part, but instead turns upon whether the product is merchantable

16  under the code." *Viggiano v. Hansen Nat. Corp.*, 944 F. Supp. 2d 877, 896 (C.D. Cal. 2013)

17  (cleaned up)); *Stearns v. Select Comfort Retail Corp.*, No. 08-2746 JF, 2009 WL 1635931,

18  at *8 (N.D. Cal. June 5, 2009) (finding that an implied warranty under § 2314 "does not

19  impose a general requirement that goods precisely fulfill the expectation of the buyer"

20  (internal quotations and citation omitted)). Thus, to prevail on an implied warranty claim,

21  a plaintiff "must show that the product 'did not possess even the most basic degree of

22  fitness for ordinary use.'" *Tae Hee Lee v. Toyota Motor Sales, U.S.A., Inc.*, 992 F. Supp.

23  2d 962, 979 (C.D. Cal. 2014) (quoting *Mocek v. Alfa Leisure, Inc.*, 114 Cal. App. 4th 402,

24  406 (2003)); *see also Pisano v. Am. Leasing*, 146 Cal. App. 3d 194, 198 (1983) ("Crucial

25  to the inquiry is whether the product conformed to the standard performance of like

26  products used in the trade").

27          Plaintiff alleges that Crumbl LLC breached the implied warranty of merchantability

28  by representing that its cookies "contain only a certain amount of calories per cookie."

Compl. ¶ 93. But Plaintiff fails to allege facts showing that the cookies are not of the same quality as generally accepted in the trade, not merchantable, or not suitable for ordinary use. For example, Plaintiff does not allege that the cookies are inedible, not fit for consumption, suffer quality issues, or are even of an inferior quality when compared to competing products. *See generally* Compl.; *Viggiano*, 944 F. Supp. 2d at 896–97 (granting 12(b)(6) motion to dismiss implied warranty claim because plaintiff did not allege that defendant's diet soda lacked "even the most basic degree of fitness for ordinary use," that the drink was "not suitable for use as a diet soda," that it "was not drinkable," or that it "was contaminated or contained foreign objects, etc."). Therefore, Plaintiff's implied warranty claim fails.

## CONCLUSION

Crumbl LLC respectfully requests the Court dismiss Plaintiff's Complaint with prejudice.

DATED:  September 11, 2023

**FOLEY & LARDNER LLP**
Erik K. Swanholt
Jessica N. Walker
Jordan C. Bledsoe

*/s/ Erik K. Swanholt*
Erik K. Swanholt
Attorneys for Defendant
CRUMBL LLC

## <u>CERTIFICATE OF COMPLIANCE</u>

The undersigned counsel hereby certifies that this brief contains 6,925 words, which complies with the word limit of L.R. 11-6.1.

DATED:  September 11, 2023

**FOLEY & LARDNER LLP**
Erik K. Swanholt
Jessica N. Walker
Jordan C. Bledsoe


*/s/ Erik K. Swanholt*
Erik K. Swanholt
Attorneys for Defendant
CRUMBL LLC

4882-0279-4110.3